UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA,<br><br>                                Petitioner,<br><br>v.<br><br>PALOMAR HEALTH; PALOMAR MEDICAL CENTER ESCONDIDO; and DOES 1-10, inclusive,<br><br>                                Respondents. | Case No.: 21cv1654-LL-MSB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 5] |

      Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Currently before the Court is Petitioner's Motion for Appointment of Counsel. ECF No. 5.

      Habeas petitioners do not have a Sixth Amendment right to counsel, *see Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), but a district court has discretion to appoint counsel for a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. *See* Title 18 U.S.C. § 3006A(a)(2)(B); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert,* 791 F.2d at 728. "In deciding whether to appoint counsel in a habeas proceeding, the district

court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Jones v. Madden*, No. 18-cv-02173-LAB-DEB, 2020 WL 4582688, at *1 (S.D. Cal. Aug. 10, 2020).

Petitioner does not request counsel to challenge his underlying conviction. Rather, Petitioner requests counsel based on complaints over the conditions of his present physical confinement. Petitioner states:

> Due to the unsanitary conditions at the facility; the excessive and punitive cell searches; and the overly restrictive conditions of confinement, he is held in unconstitutionally punitive conditions. Furthermore, due to Respondent's inability to comply with policy purportedly set in place at the facility to combat the threat of the pandemic, he is at an extraordinary and unreasonable risk of contracting COVID-19.

ECF No. 5 at 2.

The legal issues presented in the Petition are not overly complex. Based on the Petition, there is no reason to believe Petitioner cannot sufficiently articulate and prosecute the claims he seeks to bring. Furthermore, Petitioner has not shown the likelihood of success on the merits, nor is a likelihood of success evident from the face of the Petition. Respondents have provided the relevant medical records concerning Petitioner's condition and documents concerning the Imperial Regional Detention Facility's efforts to protect its detainees from COVID-19 exposure and infection. While Petitioner claims he requires appointment of counsel because discovery is "imperative" and an evidentiary hearing "may be necessary," *id*. at 4, 9, these assertions are premature. Accordingly, Petitioner's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated:  February 15, 2022

Honorable Linda Lopez
United States District Judge