UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA,<br><br>Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT et al.,<br><br>Respondents. | Case No.: 21cv1654-LL-MSB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

On September 20, 2021, Petitioner Juan Sanchez-Rivera ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court order the immediate release of Petitioner from the custody of Immigration and Customs Enforcement ("ICE") at the Imperial Regional Detention Facility ("IRDF") on the ground that continued detention of Petitioner under current conditions violates the Due Process Clause of the Fifth Amendment. ECF No. 1. On January 1, 2022, Respondents filed a return in opposition. ECF No. 11. On February 11, 2022, Petitioner filed a reply. ECF No. 13. Having reviewed the petition and the materials submitted, the petition is **DENIED**.

I.   **LEGAL STANDARD**

To succeed on a habeas petition, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

Due process imposes a duty on the government "to assume some responsibility for [the] safety and general well-being" of persons it takes into its custody. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989) (citation omitted). Consequently, the government can be held liable for a due process violation where a government official affirmatively places individuals, with deliberate indifference to their health or safety, in a position of known danger "which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (citing *DeShaney*, 489 U.S. at 197, 201). A plaintiff in custody must show that government officials acted in an objectively unreasonable manner such that: "(1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). The Supreme Court has held that prison officials cannot "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993).

## II.    DISCUSSION

Petitioner seeks release from ICE custody for violation of his Fifth Amendment rights. He alleges that IRDF is placing him at extraordinary and unreasonable risk of contracting COVID-19 and that he is medically vulnerable due to his obesity. ECF No. 1 ¶¶ 33–34. He has not been released pending his removal proceedings because he has been deemed to pose a threat to public safety due to his criminal history, which includes a violent felony. *See* ECF No. 11-1 at 2–78 (Petitioner's admitted felony convictions include evading a peace officer, assault with a deadly weapon upon a peace officer, and possession of a controlled substance for sale).

Here, Petitioner has not shown that conditions at IRDF are unconstitutional, primarily because he was vaccinated on March 30, 2021, offered the booster on January 10, 2022, and tested positive for COVID-19 on January 17, 2022. ECF No. 11 at 3; ECF No. 13 at 2–3. Courts have been refusing to grant release from custody to inmates or detainees with similar medical conditions who have been vaccinated and previously infected. *See e.g.*, *United States v. Willis*, 541 F. Supp. 3d 1185, 1190–91 (D. Or. 2021) (concluding that federal prisoners who have been fully vaccinated but suffer from chronic medical conditions that would put them at serious risk of severe illness from COVID-19 do not satisfy the extraordinary and compelling standard for compassionate release); *United States v. Smith*, 538 F. Supp. 3d 990, 996 (E.D. Cal. 2021) ("Although no federal court of appeal appears to have considered the question, district courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection."); *United States v. Grummer*, 519 F. Supp. 3d 760, 763 (S.D. Cal. 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions."); *Gavilanes-Curiel v. Archambeault*, 2021 WL 4895222, at *1–2 (S.D. Cal. Sept. 21, 2021) (petitioner who was medically vulnerable due to his obesity denied release from IRDF because he was vaccinated); *United States v. Martinez*, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10, 2021) (denying compassionate release because although "[o]besity and hypertension are among the conditions identified by the CDC as potentially increasing an individual's risk of serious illness from the virus . . . Defendant's vaccination significantly mitigates the risk that she will contract COVID-19, much less become seriously ill.") (internal citations omitted).

In addition, Petitioner's various allegations about the conditions at IRDF are not persuasive. On July 22, 2020, Chief Judge Sabraw reviewed the conditions inside IRDF and noted that IRDF has implemented heightened protocols for detainee safety including testing and quarantining at intake, which have significantly reduced its occupancy, and has

released several dozen detainees classified as being at "high risk" for severe complications of COVID-19. *See Alcantara v. Archambeault*, 2020 WL 4201665, at *1–2 (S.D. Cal. July 22, 2020). IRDF has also made vaccinations available facility wide. ECF No. 11 at 2; ECF No. 11-1 at 80–81. In his reply, Petitioner argues *Alcantara* cannot be relied on because it was "issued nearly 31 months ago" and draws the Court's attention to the December 18, 2020 Department of Homeland Security's Office of the Inspector ("OIG") report regarding IRDF's conditions. ECF No. 13 at 4; *see also* ECF No. 1, Ex. 3 at 41. Although the OIG report highlights the current confinement conditions at IRDF, a section 2241 habeas petition is not the proper procedural vehicle for such claims. *See Nettles v. Grounds*, 830 F.3d 922, 927–34 (9th Cir. 2016) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action."). Petitioner's allegations therefore fall in civil rights, not habeas.

Although *Nettles* involved a state prisoner, and the Ninth Circuit declined to address how its holding applied to federal prisoners, most courts in this circuit subsequently have applied the *Nettles* ruling to federal prisoners' section 2241 petitions. See *Brown v. Blanckensee*, 857 F. App'x 289, 290 (2021) (held a civil rights action is the appropriate vehicle for federal prisoner's claims relating to the conditions of confinement); *Smith v. Gutierrez*, 2021 WL 4033780, at *1 (C.D. Cal. Aug. 3, 2021) (federal prisoner's claims of deliberate indifference to medical needs should have been properly brought in a civil rights action, not a habeas action, and cites to *Nettles*); *see also Harrison v. Broomfield*, 2020 WL 5797871, at *2 (E.D. Cal. Sept. 29, 2020) ("there is a risk of turning 28 U.S.C. § 2241 into a general civil rights statute by the mere expedient of a petitioner seeking that release remedy, perhaps among other remedies, in every habeas action in which conditions of confinement are at issue, e.g., poor medical treatment, unsanitary conditions, overcrowding, assaultive environment, and so forth.").

A habeas petition is similarly not the proper procedural vehicle for Petitioner's allegations about the alleged excessive cell and personal searches. Even if, as Petitioner

contends, the alleged seizure of his property and interference with his rights to file grievances constituted a disciplinary action, that action did not subject him to greater restrictions of his liberty sufficient to invoke habeas jurisdiction. *See Nettles*, 830 F.3d at 927–34.

A district court may construe a petition for habeas corpus as pleading a civil rights claim where the complaint is amenable to conversion on its face when it names the correct defendants and seeks the correct relief. *Nettles*, 830 F.3d at 936 (citations and quotations omitted). Here, the petition is not amendable to conversion. Here, Petitioner has not requested conversion, and, in any event, it is unclear whether Petitioner seeks civil rights-type relief, as distinguished from habeas-type relief. *See id.* (a court may construe petition as a civil rights claim after notifying and obtaining informed consent from the prisoner). Additionally, while Petitioner names Gregory J. Archambeault, Jesus Reyna, Rolando Trevino, Tae D. Johnson, and Alejandro Mayorka as Respondents, he does not allege any personal conduct by the Respondents to hold them responsible as respondents in a § 1983 action. *See e.g.*, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (In § 1983 cases, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Thus, the petition is not amenable to conversion on its face, and Petitioner has failed to show that conditions at IRDF are unconstitutional under a habeas petition.

### III. CONCLUSION

Respondents have not acted in an objectively unreasonable manner that "put[s] [Petitioner] at substantial risk of suffering serious harm" or in ways that fell "outside the core of habeas corpus." *Castro*, 833 F.3d at 1071; *Nettles*, 830 F. 3d at 931.

/ / /

/ / /

/ / /

/ / /

1  The Court concludes that Petitioner's continued detention violates neither "the
2  Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Therefore, the
3  petition is **DENIED**.

4  **IT IS SO ORDERED.**

5  Dated: August 24, 2022

Honorable Linda Lopez
United States District Judge